
NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
:
Bernice Frick,                                          :
                                                        :
    Plaintiff,                       :    Civ. No. 05-5429 (DRD)
                                                        :
    v.                                :
                                                        :
Novartis Pharmaceuticals Corp., et. al                  :    **O P I N I O N**
                                                        :
    Defendants.                       :
                                                        :
------------------------------------------------------

Gregory S. Spizer, Esq.
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.
1040 Kings Highway North, Suite 304
Cherry Hill New Jersey 08034

*Attorney for Plaintiff*


Diane E. Lifton, Esq.
GIBBONS, DEL DEO, DOLAN GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, New Jersey 07102

*Attorney for Defendant Novartis Pharmaceuticals*

**DEBEVOISE, Senior District Judge**

### I. PROCEDURAL HISTORY & BACKGROUND

On October 31, 2005 Plaintiff, Bernice Frick, filed this personal injury action in the

Superior Court of New Jersey, Morris County, against Defendant, Novartis Pharmaceuticals

Corporation ("Novartis") and various unnamed defendants, claiming she sustained injuries from

1

ingesting a prescription medication manufactured by Novartis. On November 15, 2005, having learned of this action before it was served with the complaint, Novartis filed a Notice of Removal, thereby removing the matter to this court. Plaintiff served Novartis on December 2, 2005. Plaintiff now moves to remand the matter to the Superior Court.

Plaintiff is a citizen of Pennsylvania and Novartis is a citizen of New Jersey.

## II. DISCUSSION

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). Removal statutes are strictly construed in favor of remand. See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987).

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" "[e]xcept as otherwise provided by Act of Congress . . . ." In the present case, the district court has original jurisdiction because there is diversity of citizenship between the parties. Therefore, the defendant may remove the matter unless prohibited by a contrary Act of Congress. 28 U.S.C. § 1441(b) provides that civil actions in which there is diversity of citizenship between the parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the present case Novartis is a citizen of the forum state but it was not properly joined and served when it filed its notice of removal. Thus, under the plain language of the statute, Novartis is entitled to removal.

However, Plaintiff contends that the "properly joined and served" requirement only

makes sense when one defendant has been served but the named forum defendant has not, because in such situations the plaintiff could prevent removal by naming but not serving the forum defendant. Thus, Plaintiff argues, that requirement should not apply to the present case.

Plaintiff cites two cases to support that argument, <u>Recognition Commc'n, Inc. v. Am. Auto. Ass'n, Inc.</u>, No. 97-0945, 1998 U.S. Dist. LEXIS 3010 (N.D. Tex. Mar. 4, 1998) and <u>Holmstrom v. Harad</u>, No. 05-2714, 2005 U.S. Dist LEXIS 16694 (N.D. Ill. Aug. 11, 2005).

In <u>Recognition Commc'n, Inc.</u>, the court granted the plaintiff's motion to remand after three of the four defendants filed a notice of removal. In that case there was diversity of citizenship between the parties but one of the defendants, the only one who did not join in the notice of removal, was a citizen of the forum state. None of the four defendants had been served when the notice of removal was filed. 1998 U.S. Dist. LEXIS 3010, at *1-3.

The court found that removal was improper because "all of the Defendants should have participated in the Notice of Removal." <u>Id.</u> at *8. In reaching that conclusion the court observed that had one of the non-resident defendants been served, that defendant could have removed the matter without the participation of the other defendants in the notice of removal and "regardless of the presence of a resident defendant." <u>Id.</u> at *8 n.3. However, since none of the defendants had been served, the court found that all of the defendants had to join the removal petition.

The holding in <u>Recognition Commc'n, Inc.</u> offers little support for Plaintiff's motion to remand because in that case, the court granted the plaintiff's motion based on a procedural defect that does not exist here. In the present case, Novartis is the only named defendant. Thus, there is no requirement that any other party join the notice of removal.

3

In Holmstrom, the court cites the opinion in Recognition Commc'n, Inc. as the only opinion to address the issue of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared." Holmstrom, 2005 U.S. Dist LEXIS 16694, at *4.  The Holmstrom court notes that, in general, the citizenship of an unserved forum defendant should be disregarded when determining removability.  However, it interprets Recognition Commc'n, Inc. as limiting that rule to situations in which one defendant has been served or otherwise appeared.  Thus, the court in Holmstrom held that the "joined and served" requirement does not apply when no defendant has been served or otherwise appeared.  Holmstrom, 2005 U.S. Dist LEXIS 16694, at *7.

This court disagrees with that interpretation of Recognition Commc'n, Inc.  Although the Recognition Commc'n, Inc. opinion contains dicta that may support the Holmstrom decision, the holding in Recognition Commc'n, Inc. is based on the fact that one of the defendants in that case did not join the notice of removal.  Therefore, that portion of the Holmstrom decision will not be followed in the present case.

However, the Holmstrom court also supports its decision with a policy argument.  As it states, "the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Holmstrom, 2005 U.S. Dist LEXIS 16694, at *6 (internal quotations omitted).  Thus, it states, "[t]he 'joined and served' requirement makes sense . . . when one defendant has been served but the named forum defendant has not." Id.  On the other hand, it does not make sense when no defendant has been served. Id.

4

That argument, plausible as it may be, does not adhere to the literal language of the statute. The Third Circuit has held that when dealing with issues of statutory construction, the court's task is

> to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (citations and internal quotations omitted).

Although the Holmstrom court offers a plausible justification for its holding, we find that the language of the statute is unambiguous. Furthermore, it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress. The Holstrom holding will not be followed and the plain language of the statute will control the present case. Therefore, Novartis is entitled to removal.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand will be denied. The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        February 22, 2006