NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
                                                    :
Bernice Frick,                                      :
                                                    :
      Plaintiff,                                   :      Civ. No. 05-5429 (DRD)
                                                    :
      v.                                           :
                                                    :
Novartis Pharmaceuticals Corp., et. al              :      **O P I N I O N**
                                                    :
      Defendants.                                  :
                                                    :
------------------------------------------------------


Gregory S. Spizer, Esq.
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.
1040 Kings Highway North, Suite 304
Cherry Hill New Jersey 08034

*Attorney for Plaintiff*


Ethan D. Stein, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, New Jersey 07102

Robert E. Johnston, Esq.
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, D.C., 20005

*Attorneys for Defendant Novartis Pharmaceuticals Corp.*

1

**DEBEVOISE, Senior District Judge**

Plaintiff, Bernice Frick, filed this personal injury action against Defendant, Novartis Pharmaceuticals Corporation ("Novartis") and various unnamed defendants, claiming she sustained injuries from ingesting a prescription medication, Zometa, that is manufactured by Novartis. Count 2 of Plaintiff's nine-count complaint asserts a claim of fraud and misrepresentation against Novartis. Presently before the court is Novartis's motion for judgment on the pleadings as to Count 2. Plaintiff opposes Novartis's motion and has filed a cross-motion to amend her complaint in the event the court dismisses Count 2. In her proposed amended complaint Plaintiff abandons the claim of common law fraud and alleges a violation of the New Jersey Consumer Fraud Act.

For the reasons set forth below, Novartis's motion for judgment on the pleadings as to Count 2 of the complaint will be granted. Plaintiff's motion for leave to amend the complaint will also be granted.

## DISCUSSION

**Standard for Dismissal under FED. R. CIV. P. 12(c)**

A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer. See FED. R. CIV. P. 12(b)(6) and (c). A motion made before an answer is filed is a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

The standard under which the Court must analyze the plaintiff's complaint and the defendants' arguments on a Rule 12(c) motion for judgment on the pleadings is the same as the

standard on a motion to dismiss under FED. R. CIV. P. 12(b)(6).  See FED. R. CIV. P. 12(h)(2); see also Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991); Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1006 (3d Cir.), cert. denied, 502 U.S. 909 (1991).

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**Common law fraud**

"The five elements of common law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (N.J. 1997).  FED. R. CIV. P. 9(b) states that claims of fraud must be pled with particularity.  "In order to satisfy Rule 9(b), plaintiffs must plead with particularity 'the circumstances of the alleged fraud . . .' by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of

Am., 361 F.3d 217, 223-24 (3d Cir. 2004).

In the present case, Plaintiff alleges that "Novartis falsely and/or fraudulently kept relevant information from potential users and minimized user and prescriber concern regarding Zometa's safety." (Compl. ¶ 14). Plaintiff further states that Novartis made misrepresentations as to "the presence of adequate testing of Zometa and the severity, frequency, and discomfort or side effects and adverse health effects caused by it." (Compl. ¶ 15). Such misrepresentations were allegedly made as part of Novartis's advertising program. (Compl. ¶ 27).

However, Plaintiff fails to state exactly what statements were made, how they were false, who made them, and when they were made. Thus, Plaintiff's complaint fails to satisfy the specificity requirement of FED. R. CIV. P. 9(b). As such, Novartis's motion for judgment on the pleadings as to Count 2 will be granted and that Count will be dismissed.

**Standard for Leave to Amend under Fed. R. Civ. P. 15(a)**

Under Fed. R. Civ. P. Rule 15(a), a party should be granted leave to amend its pleading when justice so requires. The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend." Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id. However, such liberality is not limitless. Several factors weigh against granting leave to amend. Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

Futility of amendment is defined as the inability to survive a motion to dismiss. Oran v.

Stafford, 226 F. 3d 275, 291 (3d Cir. 2000).  Thus evaluating futility involves application of the same standard of legal sufficiency that applies under Rule 12(b)(6).

**Violation of the New Jersey Consumer Fraud Act**

The New Jersey Consumer Fraud Act prohibits

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, **or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission,** in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

N.J. Stat. Ann. § 56:8-2 (emphasis added).

"This statutory scheme distinguishes between wrongs committed by affirmative acts and wrongs committed by a failure to act.  As to those violations committed by omission, a plaintiff must demonstrate a defendant's knowledge and intent."  Leon v. Rite Aid Corp., 340 N.J. Super. 462, 469 (App. Div. 2001).  Like a claim of common law fraud, a claim under the New Jersey Consumer Fraud Act must satisfy the specificity requirement of FED. R. CIV. P. 9(b).

Unlike the original complaint, Plaintiff's proposed amended complaint alleges several instances in which Novartis was informed of the dangers associated with Zometa.  For example, Paragraph 29 states that Dr. Salvatore Rugiero notified Novartis in 2001 or 2002 that the drug was potentially linked to osteonecrosis of the jaw ("ONJ").  Additionally, that paragraph states that Dr. Robert Marx advised Novartis in the summer of 2003 that he was "writing a journal article . . . [on] the problems with . . . Zometa."  The complaint further alleges that Novartis

5

failed to warn consumers of the potential dangers until September of 2004.

Plaintiff contends that Novartis's omission of the potential link to ONJ was intended "to create the image and impression that the use of Zometa was safe for human use and did not have unacceptable side effects." (Compl. at ¶ 29). Such allegations constitute knowing omissions of material facts. If true, the allegations tend to show that Novartis knowingly withheld material information upon which it knew consumers would rely.

Finally, the allegations satisfy the specificity requirement of FED. R. CIV. P. 9(b) as they state what was said, when, by whom, and how those statements provided Novartis with knowledge of a potentially dangerous side affect that it did not reveal to consumers. Therefore, Plaintiff's proposed amended complaint adequately pleads a claim under the New Jersey Consumer Fraud Act.

## I. **CONCLUSION**

For the reasons set forth above, Novartis's motion for judgment on the pleadings as to Count 2 of the complaint will be granted. Plaintiff's motion for leave to amend the complaint will also be granted. The Court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:   May 15, 2006